Peter G. Bertling (SBN 131602)
Bertling Law Group
21 East Canon Perdido Street, Suite 204B
Santa Barbara, CA 93101
Telephone: 805-879-7558
Facsimile: 805-869-1597
peter@bertlinglawgroup.com

Attorneys for Plaintiffs RICHARD ALEXANDER, individually,
and on behalf of the ESTATE OF SANDRA L. CAREY.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALEXANDER, individually, and on behalf of the ESTATE OF SANDRA L. CAREY, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** |

COMES NOW, Plaintiffs RICHARD ALEXANDER ("Richard"), individually, and on behalf of the ESTATE OF SANDRA L. CAREY, by and through counsel, state as follows for their Complaint against Defendant UNITED STATES OF AMERICA.

**INTRODUCTION**

1. In April 2015, SANDRA CAREY ("Sandra") presented to Yuba City VA Clinic ("Yuba City VA") to establish care. Her history of smoking was documented, and she was seen regularly over the next several years. Unfortunately, she was never offered or provided annual low-dose CT scans for lung cancer screening, as required by the standard of care, until December 2019. She was diagnosed with invasive poorly

differentiated adenocarcinoma of the lungs which metastasized to the brain. Her condition declined and she could no longer care for herself, so she moved in to live with her only child and son, Richard.

2. Richard watched his mother waste away, lose her will to live and endure intractable pain. On November 14, 2021, Sandra passed away. Richard brings this action on behalf of his mother's Estate, and in his individual capacity.

## JURISDICTION AND VENUE

3. Richard is the proper party to bring all claims against Defendant in this action. He is the only child and son of Sandra. Sandra was not married when she died. Richard is her only child and sole survivor.

4. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. This Court is vested with jurisdiction to adjudicate this dispute pursuant to 28 U.S.C. § 1346(b).

5. In compliance with 28 U.S.C. § 2675, a notice of administrative claim was filed with the Department of Veterans Affairs ("DVA").

6. The DVA denied Sandra's Administrative Tort Claim on October 13, 2021.

7. On December 16, 2021, Plaintiffs requested that the DVA reconsider their denial of Sandra's claim. The DVA acknowledged receipt of the request for reconsideration on December 29, 2021.

8. On March 28, 2022, the DVA notified Plaintiffs they completed review of their Request for Reconsideration, but they denied the claim again.

9. Accordingly, Plaintiffs causes of action are ripe to be litigated in this Court pursuant to 28 U.S.C. § 2675(a).

10. Further, this action is properly brought within the six-month period set forth in 28 U.S.C. 2401(b).

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(b) as the cause of action as to Defendant United States of America arose within the Eastern District of California at the VA Northern California Health Care System ("VA NorCal

Health Care System") at 1035 Hospital Way, Mather, California 95655, primarily the Yuba City VA at 425 Plumas Boulevard, Yuba City, California 95991.

12. At all times relevant to this action, the United States of America owned and operated the VA NorCal Health Care System, Yuba City VA, and its affiliated outpatient care centers.

13. At all times relevant to this action, the agents, servants, employees, and personnel of the United States of America were acting within the course and scope of their employment in providing and/or failing to provide medical care and treatment to Ms. Carey.

14. The medical care described as follows was provided to Sandra at the Yuba City VA and/or its affiliated clinics unless otherwise stated.

15. Plaintiffs had this matter reviewed by a Board-certified radiologist and a Board-certified pulmonologist who will testify that the medical care provided to Sandra at the Yuba City VA fell below the standard of care, resulted in the delayed diagnosis of lung cancer, resulting in progression of disease to an incurable stage, and her death on November 14, 2021.

## PARTIES

16. Sandra was a veteran of the United States Army and was entitled to medical care and treatment at the VA Northern California Health Care System, primarily the Yuba City VA and its affiliated outpatient care centers.

17. At all relevant times, Defendant UNITED STATES OF AMERICA ("United States") is a governmental entity. During the relevant period, the United States, through VA Northern California Health Care System and Yuba City VA Clinic, both Federally Qualified Health Center, was in possession and control of Yuba City VA Clinic, a comprehensive healthcare organization, serving the primary medical, dental, and behavioral health needs of Veterans. The United States has waived sovereign immunity as to Sandra's tort claims against the VA Northern California Health Care System and Yuba City VA Clinic.

# ALLEGATIONS

18. Plaintiffs restate and re-allege paragraphs 1 through 17 as if fully set forth herein.

19. Sandra was a United States Army veteran when she died on November 14, 2021. At her initial evaluation on April 30, 2015, she saw Gurinder J. Singh, M.D. ("Dr. Singh"), who documented Sandra's medical history as significant for tobacco dependence, chronic obstructive pulmonary disease ("COPD"), hypertension, hyperlipidemia, diabetes, and PTSD.

20. Since that initial visit, Sandra was regularly in the primary care clinic at the Yuba City VA, including: May 26, 2015 – Dr. Singh; November 24, 2015 – Dr. Singh; April 22, 2016 – Dr. Singh; November 17, 2016 – Dr. Singh; December 2, 2016 – Dr. Singh; May 18, 2017 – Dr. Singh; October 13, 2017 - Dr. Singh; April 13, 2018 – Dr. Singh; May 23, 2018 – Floyd C. David, M.D. ("Dr. David"); July 24, 2018 – Dr. David; November 23, 2018 – Veena Pamulapati, M.D. ("Dr. Pamulapati"); and July 24, 2019 – Dr. Pamulapati.

21. During this timeframe, none of Sandra's primary care providers discussed or recommended that she undergo low-dose CT scan lung cancer screening.

22. As a result of the National Lung Screening Trial, the U.S. Preventive Services Task Force issued lung cancer screening recommendations on December 31, 2013. These recommendations called for annual low-dose CT scan lung cancer screening for patients who are 55-74 years old, are current or former smokers (who quit less than 15 years ago) and smoked at least 30-pack years. Subsequently, these recommendations were adopted by the American Cancer Society, the American Lung Association, the American Association for Thoracic Surgery, the National Comprehensive Cancer Care Network, and numerous other organizations. According to the Department of Veterans Affairs, it recommends low-dose CT scan lung cancer screening for this same group of patients (although it adjusted the age range to 55-80 years old).

///

23. Sandra met all the criteria set forth by the VA and the other organizations referenced above for annual low-dose CT scan lung cancer screening from the time she became a patient of the Sacramento VAMC. She also presented with an elevated risk of lung cancer due to her chronic obstructive pulmonary disease. Nevertheless, at no time did her VA primary care providers discuss lung cancer screening with her.

24. On November 20, 2019, Sandra presented to a non-VA clinic with complaints of severe wheezing and shortness of breath. She was initially diagnosed with bronchopneumonia, prescribed medications, and told to return for a re-check. Sandra returned to the non-VA clinic on December 9, 2019. Her symptoms had not resolved, and she had started to cough up blood. A chest x-ray was performed and was concerning for findings in both the right and left lungs.

25. Sandra subsequently underwent a CT scan of the thorax at Sutter Buttes Imaging Medical Group on December 16, 2019.

26. Additional work-up, including a CT-guided lung biopsy and a PET scan, confirmed that Sandra had invasive poorly differentiated adenocarcinoma of the lungs which had metastasized. An MRI of the brain performed January 28, 2020, at Adventist Health and Rideout revealed that the cancer had also metastasized to Sandra's brain.

27. Sandra completed a course of radiation treatment and chemotherapy for her Stage IV lung cancer.

28. VA healthcare providers at the Northern California VA Health Care System were negligent in their treatment of Sandra in the following respects:
   a. negligent failure to discuss with Sandra the VA's own recommendations for annual low-dose CT screening for lung cancer;
   b. negligent failure to recommend, order and perform annual low-dose CT screening for lung cancer from 2015 - 2019;
   c. negligent failure to appreciate Sandra's elevated risk for the development of lung cancer and make appropriate recommendations in light of same;
   d. negligent delay in diagnosing and treating lung cancer; and

e. any other deviations from the standard of care which will be developed through further investigation, discovery, and expert review.

29. Due to the aforementioned negligence of her VA healthcare providers at the Northern California VA Health Care System, Sandra's lung cancer went undiagnosed until she developed symptoms from late-stage disease, resulting in metastasis and her death on November 14, 2021.

## FIRST CAUSE OF ACTION

### Wrongful Death

30. Plaintiffs restate and re-allege paragraphs 1 through 29 as if fully set forth herein. VA healthcare providers at the Northern California VA Health Care System were negligent in their treatment of Sandra in the following respects:

   a. negligent failure to discuss with Sandra the VA's own recommendations for annual low-dose CT screening for lung cancer;
   b. negligent failure to recommend, order and perform annual low-dose CT screening for lung cancer from 2015 – 2019;
   c. negligent failure to appreciate Sandra's elevated risk for the development of lung cancer and make appropriate recommendations in light of same;
   d. negligent delay in diagnosing and treating lung cancer; and
   e. any other deviations from the standard of care which will be developed through further investigation, discovery, and expert review.

31. Due to the aforementioned negligence of her VA healthcare providers at the Northern California VA Health Care System, Sandra's lung cancer went undiagnosed until she developed symptoms from late-stage disease, resulting in metastasis and her death on November 14, 2021.

32. As a direct and proximate result of the forementioned negligence of Defendant, Richard seeks compensation for the following damages.

///
///

a. Compensation for loss of Sandra's love, companionship, emotional support, affection, assistance, protection, society, moral support, comfort, and care; Compensation for loss of Sandra's training and guidance.
b. Compensation for the loss of Sandra's financial, including future lost earnings and gifts.
c. Compensation for any other damages sustained as a proximate result of the negligence of the government's employees and/or agents.

## SECOND CAUSE OF ACTION

### Survival Claim

33. Plaintiffs restate and re-allege paragraphs 1 through 32 as if fully set forth herein.

34. As a provider of medical services to Sandra, the United States and its agents, servants, or employees at the Northern California VA Health Care System and Yuba City VA and its affiliates, including but not limited to Dr. Singh, Dr. David, and Dr. Pamulapati, owed Sandra a duty to provide medical care consistent with the governing standard of medical care.

35. The agents, servants, or employees of the United States at the Yuba City VA and its affiliates, while acting within the scope of their employment, violated the applicable standards of medical care in the following respects:

a. negligent failure to discuss with Sandra the VA's own recommendations for annual low-dose CT screening for lung cancer;
b. negligent failure to recommend, order and perform annual low-dose CT screening for lung cancer from 2015 - 2019;
c. negligent failure to appreciate Sandra's elevated risk for the development of lung cancer and make appropriate recommendations in light of same;
d. negligent delay in diagnosing and treating lung cancer; and
e. any other deviations from the standard of care which will be developed through further investigation, discovery, and expert review.

36. As a direct and proximate result of the forementioned negligence of Defendant, Sandra suffered significant mental and physical pain and suffering and other damages.

37. Consequently, the Estate of Sandra L. Carey claims the following damages:
   a. Compensation for medical bills incurred during the course of Sandra's treatment;
   b. Compensation for the mental and physical pain and suffering Sandra experienced before her death;
   c. Compensation for the loss or damage that the decedent sustained or incurred before her death that the decedent would have been entitled to recover had the decedent lived; and
   d. Compensation for any other damages sustained as a proximate result of the negligence of the government's employees and/or agents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the Court grant judgment in their favor against Defendant in the amount of Two Million Dollars ($2,000,000.00), together with any other costs as they may be lawfully entitled to recover.

Respectfully submitted,

DATED: July 26, 2022      BERTLING LAW GROUP

*/s/ Peter G. Bertling*
Peter G. Bertling
Attorneys for Plaintiffs
RICHARD ALEXANDER, individually
and on behalf of the ESTATE OF
SANDRA L. CAREY