UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Alexander, et al., | No. 2:22-cv-01324-KJM-CKD |
| Plaintiffs, | ORDER |
| v. | |
| United States of America, | |
| Defendant[s]. | |

In this action arising under the Federal Tort Claims Act, the United States of America moves to dismiss plaintiff Richard Alexander's wrongful death claim for lack of subject matter jurisdiction. The court submits the matter without a hearing and **grants** the motion.

Under the Federal Tort Claims Act, a claimant may bring an action in tort against the United States. *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). However, under 28 U.S.C. § 2675(a), the claimant must "first give the appropriate federal agency the opportunity to resolve the claim." *Id.* (citing 28 U.S.C. § 2675(a)). This requirement is jurisdictional. *Id.*

The United States argues plaintiff has not presented his wrongful death claim to the Department of Veterans Affairs, and therefore, the court lacks subject matter jurisdiction. Mem. at 3, 5, ECF No. 13-1. Plaintiff concedes the court lacks subject matter jurisdiction over his wrongful death claim but requests the court dismiss the claim without prejudice. Opp'n at 2,

ECF No. 14.  The United States agrees dismissal for lack of subject matter jurisdiction must be without prejudice.  Reply at 1, ECF No. 15.

Because the court lacks subject matter jurisdiction over plaintiff's wrongful death claim, the claim is hereby **dismissed without prejudice**.  *See Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction . . . must be without prejudice[.]").  To the extent the parties dispute whether plaintiff's anticipated new wrongful death action would be timely, Opp'n at 3–4; Reply at 1, the matter is not currently before the court and the court cannot issue an advisory opinion resolving the issue, *see Golden v. Zwickler*, 394 U.S. 103, 108 (1969).

This order resolves ECF No. 13.  The motion hearing set for April 19, 2024, is hereby **vacated**.

IT IS SO ORDERED.

DATED:  April 2, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE